**UNITED STATES**

v.

**James A. CARROLL, 267 29 9617, Fireman Apprentice (E–2), U. S. Navy.**

**NCM 77 0960.**

U. S. Navy Court of Military Review.

3 June 1977.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

PER CURIAM:

This case was referred to trial on 22 October 1976 charging the appellant with resisting lawful apprehension (Charge I) and two incidents of assault (Charge II), in violation of Articles 95 and 128, UCMJ, 10 U.S.C. §§ 895, 928, respectively, and three violations of Article 134, UCMJ, 10 U.S.C. § 934 (Charge III). On 10 November 1976, the appellant submitted a pretrial agreement under which he agreed to enter a plea of guilty to Charges I and II and their specifications in exchange for the conven-ing authority's agreement to suspend the bad conduct discharge and confinement in excess of 90 days. The agreement was duly joined by the convening authority. How-ever, it is silent as to the disposition of the allegations laid under Charge III and those specifications have been lined out on the charge sheet and initiated by the trial coun-sel. Nevertheless, at trial on 22 December 1976, the appellant was arraigned on all charges.

After the trial judge determined that the appellant's plea of guilty to Charges I and II and the specifications thereunder to be provident, trial counsel stated that the con-vening authority had directed him to with-draw Charge III and its specifications "based on the providency of pleas as to Charges I and II." (R. 24). Under the circumstances here, it was error to arraign the appellant on Charge III after the con-vening authority had agreed to accept his plea of guilty to Charges I and II and omitted reference to Charge III. If the convening authority had intended to have the appellant arraigned on Charge III and to later withdraw that charge, he should have made that provision clear in the pre-trial agreement. JAGMAN, Sec. 0114; see United States v. Troglin, 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972). If the trial counsel had adhered strictly to the terms of the pretrial agreement and arraigned the appel-lant only on Charges I and II, Charge III and its specifications would not have ap-peared on the promulgating order.

However, in view of the relatively light sentence which includes a suspended bad conduct discharge, we find that the improp-er procedure here did not substantially prej-udice the rights of the appellant.

The findings of guilty and sentence as approved and partially suspended on review below are affirmed.